IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 0 8 2010

GREGORY C. LANGHAM
CLERK

Civil Action No. 10-cv-00681-BNB

JOSEPH A. ROMERO,

    Applicant,

v.

RAE TIMME, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER OF DISMISSAL

Applicant, Joseph A. Romero, is in the custody of the Colorado Department of Corrections (DOC) and currently is incarcerated at the Fremont Correctional Facility in Canon City, Colorado. Mr. Romero initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging the validity of his convictions in Case Nos. 03CR1120 and 05CR2354 in the District Court of Adams County, Colorado.

In an order entered on April 12, 2010, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). Respondents submitted a Pre-Answer Response on April 28, 2010. Mr. Romero filed his Reply on May 13, 2010.

The Court must construe liberally the Application filed by Mr. Romero because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period.

Mr. Romero was charged with second-degree assault, violation of restraining order, domestic violence, and two habitual criminal counts in Case No. 03CR1120. Pre-Answer Resp. at 2-3. He was charged with second-degree burglary, first-degree criminal trespass, and violation of protective order in Case No. 05CR2354. *Id.* at 3. On August 18, 2006, the parties reached a consolidated plea agreement with respect to both criminal cases, in which Mr. Romero agreed to plead guilty to an added count of non-mandatory second-degree assault in Case No. 03CR1120 and an added count of non-mandatory second-degree burglary in Case No. 05CR2354. *Id.* In return, the prosecution agreed to a ten year cap on Mr. Romero's sentence and to dismissal of all other pending criminal charges. *Id.* On October 12, 2006, the trial court sentenced Mr. Romero to five years on each count, to run consecutively, together with three years of mandatory parole. *Id.* at Ex. A, p. 8 (State Register of Actions). Mr. Romero did not file a direct appeal.

On January 10, 2007, Mr. Romero filed a motion for reconsideration of sentence pursuant to Colorado Rule of Criminal Procedure 35(b). *Id.* The trial court denied the

motion on January 17, 2007, finding that the sentence imposed was appropriate. *Id.* Mr. Romero did not file an appeal.

On January 14, 2008, Mr. Romero filed a motion for post-conviction relief pursuant to Colo. R. Crim. P. 35(c), asserting that his sentence violated the terms of the plea agreement. *Id.* The trial court denied the motion on January 24, 2008. *Id.* at 9. Mr. Romero did not file an appeal.

On March 31, 2008, Mr. Romero filed a "Motion to Correct Misleading References to Mandatory Parole as Seen in the Mittimus," again asserting that his sentence violated the terms of the plea agreement. *Id.* The trial court denied the motion on April 1, 2008. *Id.* Mr. Romero did not file an appeal.

On May 19, 2008, Mr. Romero filed a "Motion to Correct Illegal Sentence Pursuant to Crim. P. 35(a)," asserting for the third time that his sentence violated the terms of the plea agreement. *Id.* On May 22, 2008, the trial court denied the motion as successive. Mr. Romero filed a Notice of Appeal on June 25, 2008. *Id.* The Colorado Court of Appeals (CCA) affirmed the trial court on September 24, 2009. **See People v. Romero**, No. 08CA1334 (Colo. App. Sept. 24, 2009) (unpublished opinion). Mr. Romero filed a petition for certiorari review with the Colorado Supreme Court (CSC), which the CSC denied on December 21, 2009. Pre-Answer Resp. at Ex. A, p. 78.

Mr. Romero then filed the instant action, which was received by the Court on March 16, 2010. In the Amended Application, Mr. Romero asserts two claims.

Respondents argue that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). Section 2244(d) provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period, the Court first must determine when the judgment of conviction in Mr. Romero's criminal case became final. The final sentence in Mr. Romero's case entered on October 12, 2006. Pre-Answer Resp. at Ex. A, p. 8. Because Mr. Romero did not file a direct appeal, the Court therefore finds that his conviction became final on November 27, 2006, forty-five days

4

after he was sentenced.[1] *See* Colo. App. R. 4(b); ***Locke v. Saffle***, 237 F.3d 1269, 1273 (10th Cir. 2001). As such, the one-year statute of limitations began to run on November 28, 2006, the next business day after the conclusion of the time to appeal. *See, e.g.*, ***Locke***, 237 F.3d at 1273.

The Court must next determine whether any of Mr. Romero's state court post-conviction motions tolled the one-year limitation period. Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court post-conviction motion tolls the one-year limitation period while the motion is pending. An application for post-conviction review is properly filed with the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." ***Artuz v. Bennett***, 531 U.S. 4, 8 (2000). The requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

***Habteselassie v. Novak***, 209 F.3d 1208, 1210-11 (10th Cir. 2000).

The issue of whether a post-conviction motion is pending is a matter of federal law. *See* ***Gibson v. Klinger***, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." ***Barnett v. Lemaster***, 167 F.3d 1321, 1323 (10th Cir.

---

[1] The forty-fifth day after October 12, 2006 was November 26, 2006. However, November 26, 2006 was a Sunday. Therefore, the filing deadline extended until November 27, 2006. *See* C.A.R. 26(a).

1999). Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner could have sought an appeal under state law." *Gibson*, 232 F.3d at 804.

There were no pending motions in Mr. Romero's state court action between November 28, 2006 and January 9, 2007. *See* Pre-Answer Resp. at Ex. A, p. 8. These **43** days are credited against the one-year statute of limitations. Mr. Romero filed a motion for sentence reconsideration on January 10, 2007. Pre-Answer Resp. at Ex. A, p. 8. The trial court denied the motion on January 17, 2007. *Id.* Mr. Romero then had 45 days, or until March 5, 2007, to appeal the trial court's denial of the motion for sentence reconsideration to the CCA.[2] *See* Colo. App. R. 4(b). Mr. Romero did not file an appeal.

There were no pending motions in Mr. Romero's state court action between March 6, 2007 and January 13, 2008. *See* Pre-Answer Resp. at Ex. A, p. 8. These **314** days are credited against the one-year statute of limitations. Mr. Romero filed a Colo. R. Crim. P. 35(c) motion on January 14, 2008. *Id.* The trial court denied the motion on January 24, 2008. *Id.* at 9. Mr. Romero then had until March 10, 2008 to appeal the trial court's denial of the Rule 35(c) motion.[3] *See* Colo. App. R. 4(b).

Therefore, the limitation period began to run again on March 11, 2008 and ran for eight days until it expired on March 19, 2008 (**43 days + 314 days + 8 days = 365**

---

[2] The forty-fifth day after January 17, 2007 was March 3, 2007. However, March 3, 2007 was a Saturday. Therefore, the filing deadline extended until March 5, 2007. *See* C.A.R. 26(a).

[3] The forty-fifth day after January 24, 2008 was March 9, 2008. However, March 9, 2008 was a Sunday. Therefore, the filing deadline extended until March 10, 2008. *See* C.A.R. 26(a).

**days**). Because the one-year limitation period expired before Mr. Romero filed his next postconviction motion on March 31, 2008, that motion, and any subsequent motions, could not have tolled the one-year limitation period. **See Clark v. Oklahoma**, 468 F.3d 711, 714 (10th Cir. 2006) (stating that state court postconviction motions toll the one-year limitation period only if they are filed within the one-year limitation period). As such, because Mr. Romero did not file his habeas corpus application in this Court until March 16, 2010, nearly two years after the limitations period expired, the Court finds that the application is untimely and must be dismissed.

The one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. **See Miller v. Marr**, 141 F.3d 976, 978 (10th Cir. 1998). In addition, equitable tolling may be appropriate if (1) the inmate is actually innocent; (2) an adversary's conduct or other uncontrollable circumstances prevents the inmate from timely filing; or (3) the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. **See Gibson**, 232 F.3d at 808. Simple excusable neglect, however, is not sufficient to support equitable tolling. **See id.** Furthermore, equitable tolling is appropriate only if the inmate pursues his claims diligently. **See Miller**, 141 F.3d at 978. Finally, Mr. Romero bears the burden of demonstrating that equitable tolling is appropriate in this action. **See id.** at 977.

Mr. Romero asserts that he is entitled to equitable tolling for the 43 day period between November 26, 2006 and January 10, 2007 because he was in "total lock-

down" at his facility and was not allowed to access the law library. Reply at 2. He also asserts that his public defender refused to file any post-conviction motions on his behalf. *Id.*

The Tenth Circuit Court of Appeals has limited equitable tolling of the one-year limitations period to "rare and exceptional circumstances." **Gibson**, 232 F.3d at 808. The Tenth Circuit has also noted that the fact that an inmate cannot access the law library because he is in prison lock down does not qualify as an "extraordinary event" for the purposes of equitable tolling. **Dill v. Workman**, 288 F. App'x 454, 457 (10th Cir. July 15, 2008) (unpublished opinion). Moreover, Mr. Romero has offered no specifics regarding his alleged lack of access to legal materials or assistance. Standing alone, his vague allegations will not justify equitably tolling the limitations period. **See Miller**, 141 F.3d at 978 (noting that petitioner "has provided no specificity regarding the alleged lack of access [to legal materials] and the steps he took to diligently pursue his federal claims"); *see also Gibson*, 232 F.3d at 808 (finding that "a petitioner must diligently pursue his federal habeas claims; a claim of insufficient access to relevant law . . . is not enough to support equitable tolling."); **Marsh v. Soares**, 223 F.3d 1217, 1220-21 (10th Cir. 2000) (holding that delays caused by prison inmate law clerk and law library closures do not justify equitable tolling).

Second, to the extent Mr. Romero asserts that his trial counsel provided ineffective assistance of counsel because he refused to file any post-conviction motions, this claim also does not provide a basis for equitable tolling. The Supreme Court has recognized that a claim of ineffective assistance of post-conviction counsel

cannot justify equitable tolling because there is no federal constitutional right to post-conviction review in the state courts or to the assistance of counsel in post-conviction proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 556-57 (1987); *see also Johnson v. Jones*, 274 F. App'x 703, 705 (10th Cir. Apr. 21, 2008) (unpublished opinion) (finding attorney's ineffective assistance not a basis for equitable tolling).

Mr. Romero fails to assert any basis for equitable tolling. Therefore, under 28 U.S.C. § 2244(d), he is time-barred from filing a federal habeas corpus action in this Court. Because the action clearly is time-barred, the Court will refrain from addressing whether Mr. Romero has exhausted his state court remedies. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed because it is barred by the one-year limitation period in 28 U.S.C. § 2244(d). It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this  7th   day of   June  , 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00681-BNB

Joseph A. Romero
Prisoner No. 96751
Fremont Corr. Facility
P.O. Box 999
Cañon City, CO 81215-0999

Clemmie Parker Engle
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 6/8/10

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk